Filed 9/13/16  In re R.B. CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| In re R.B., a Person Coming Under the Juvenile Court Law. | C079676 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>R.B.,<br><br>        Defendant and Appellant. | (Super. Ct. No. 70734) |

Appointed counsel for minor R.B. has asked this court to review the record to determine whether there exist any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*); *In re Kevin S.* (2003) 113 Cal.App.4th 97, 119 [*Wende* procedure applies to appeals in juvenile delinquency cases].)  Finding no arguable error that would result in a disposition more favorable to the minor, we affirm the juvenile court's orders.

1

BACKGROUND

On July 28, 2014, while the victim family was on vacation, the minor and three of his friends went to the victims' home. They took the victims' car and drove it around for a few hours. The minor then took two of his friends to his father's house and left them there while he and the remaining friend went to pick up two other friends. At some point, when the minor was not present, two of his friends returned to the victims' home and stole "a large amount of property," including a gun.

A neighbor, who was watching the home while the family was away, noticed the car was missing and the front security door open. She contacted the family. The family contacted the police; when the police arrived, they discovered that the house had been "ransacked."

The People later filed a Welfare and Institutions Code section 602 juvenile wardship petition alleging the minor committed three felony offenses: (1) first degree burglary (Pen. Code, § 459), (2) conspiracy to commit a crime (Pen. Code, § 182, subd. (a)(1)), and (3) the unlawful driving or taking of a vehicle (Veh. Code, § 10851, subd. (a)). The People notified the minor and the juvenile court that the minor was eligible for deferred entry of judgment (DEJ). The court set the matter for a suitability hearing on March 17, 2015, and directed the probation department to prepare a DEJ report.

Prior to the suitability hearing, the People filed an amended wardship petition, adding a fourth count: grand theft of a firearm (Pen. Code, § 487, subd. (d)(2)). The probation department subsequently recommended the court find the minor suitable for DEJ.

At the suitability hearing, the juvenile court indicated its agreement with the probation department's recommendation to find the minor suitable for DEJ. The minor's counsel, however, expressed reservations about admitting to the newly added allegation of grand theft of a firearm. The People requested additional time to consider dismissing the new allegation. The court granted the People's request and noted DEJ would remain

2

an option for the minor based on the information contained in the probation department's DEJ report.

When the parties returned to court, the People indicated the minor would have to admit the new allegation in order to proceed with DEJ. Minor's counsel asked for additional time to consider the minor's options. The court granted counsel's request.

On April 24, 2015, prior to the parties' return to court, the probation department filed a supplemental DEJ report. This report included victim impact statements. Those impact statements indicated there was "much more to this burglary than was outlined in the crime report." The mother of the family victimized by the minor's conduct explained that the minor and his friends were not strangers to her family but friends of her own children, friends whom they had previously invited into their home. And, when the neighbor contacted the family to alert them to the burglary, the son texted the minor and asked, "why would you rob my house?" The minor lied, saying he was not even in town. Then, when the family returned home the next day, having had the end of their vacation ruined, they came home to find "[l]otion . . . smeared everywhere on surfaces, items . . . askew, items . . . missing and the house . . . ransacked."

The mother described how the minor and his friends sent the family's children pictures of themselves driving around in the family's car and from inside the family's home (though the family was unaware at the time it was their car and their home). The family felt violated and betrayed. The family also learned that the gun stolen from their home by the minor's friends was later used to kill someone, and this made them angry.

Based on this new information, the probation department reversed its prior recommendation that the juvenile court find the minor suitable for DEJ. Thus, when the parties returned to court on April 27, 2015, the court said, "what is in front of this Court has changed significantly from the first report . . . to the supplemental report."

On May 12, 2015, the juvenile court adopted the probation department's revised recommendation and found the minor was not suitable for DEJ. The minor subsequently

3

admitted the burglary allegation.  The juvenile court set the dispositional hearing for June 10, 2015.

At the dispositional hearing, the juvenile court adjudged the minor a ward of the court and placed him on probation with various terms and conditions, including 30 days in a juvenile detention facility and stay away orders.  The court set the minor's maximum term of confinement at six years, dismissed the remaining allegations, and ordered the minor to pay restitution to the victims.

## DISCUSSION

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.)  Counsel advised the minor of the right to file a supplemental brief within 30 days of the date of filing the opening brief.  More than 30 days have elapsed, and we have received no communication from the minor.  Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to the minor.

## DISPOSITION

The orders of the juvenile court are affirmed.


      NICHOLSON      , Acting P. J.


We concur:



      DUARTE      , J.




      RENNER      , J.